Mr. Justice Clayton
delivered the following dissenting opinion.
I do not concur in the opinion of the court in this case.
The question involved, is the sufficiency of the notice to charge the indorser.
The authorities on this point are not uniform. The earlier English cases insist upon a great deal of strictness, but the later place the rule upon a footing more liberal, and more consonant with the common understanding, and with public convenience. Story on Bills, 338, n.; Story on Prom. Notes, 423, et seq. Chitty says, “ the notice must explicitly state, what the bill or note is and that payment has been refused, and must not be in any way calculated to mislead the party, to whom it is given.” Bills 501, 8th ed. In Solarte v. Palmer, 7 Bing. 530, it is said by the court, “ that the notice must inform the party, either in express terms, or by necessary implication, that the bill has been dishonored, and that the holder looks to him for payment.
When we look to the application of the rule, it is not free from difficulty. In Smith v. Whiting, 12 Mass R. 6, there was a mistake made in the notice, in the name of the maker, and the date of the note, and consequently of the time when it became due, but the proof showed the demand to have been made, and the notice to have been given on the right day. The court held the notice to have been sufficient; as it could not have prejudiced the defendant. In Mills v. Bank of the U. States, 11 Wheat. 436, the notice stated that the note was protested for non-payment on the wrong day, and it was held sufficient, under a charge of the court to the jury, to find for the plaintiff', if there were no other note in the bank, drawn by Wood & Abert, and indorsed by the defendant. The supreme court says, “it is sufficient that the notice state the fact of non-payment of the note, and that the holder looks to the indorser for indemnity. *392 Whether the demand was duly and regularly made, is matter of evidence to be established at the trial.” “In point of fact, in commercial cities, the general, if not universal, practice is, not to state in the notice the mode or place of demand, but the mere naked non-payment.” That opinion was delivered by Judge Story, and he has not since qualified it.
In Ross v. The Planters' Bank, 5 Hump. 335, the notice furnished the indorser bore the date of 22d of November, 1844, instead of 1843; the notary was permitted to correct the notarial record at the trial, a copy of which had been furnished to the indorser to fix his liability.
In The Ontario Bank v. Petrie, 3 Wend. 458, the demand was made on the 30th of August, but the notice bearing that date, stated the demand was made last evening. The court in its opinion said, “ the judge was right in submitting to the jury the question, whether the defendant was misled. Stating in the notice, that the draft was protested on the evening before it fell due, could not prejudice the defendant.”
In Remer v. Downer, 23 Wend. 626, there was a mistake of some $300, as to the amount of the note; the notice on the inside was directed to N. T. Williams, cashier, but on the outside, to the defendant Remer. The court said, “had the note itself been correctly described, we should incline to the opinion, that the misdirection of the notice on its face would have been cured by the correct direction, on the outside of the letter.” “ The question, whether Remer was actually misled by the notice, could not possibly arise in the case, as he did not receive it for more than a month after this suit was commenced.” Judgment was for the defendant, reversing the decision of the supreme court in 21 Wendell. In Ransom v. Mack, 2 Hill, 595, where the notice informed the indorser, that the demand had been made on a wrong day, the court decided that “ the question of the sufficiency of the notice was a question of law, without any admixture of fact for the consideration of the jury. That the notice in that case was insufficient, and that the case of The Ontario Bank v. Petrie, could not be supported.”
In this state, where so great a disposition has been shown by *393 the legislature to refer questions to the jury, under very restricted charges from the court, I cannot but think it safer to regard the sufficiency of notice as a mixed question of law and fact, to be determined by the jury, under the instructions of the court. The charge given in this case, was, I think, correct, and it lays down the rule in conformity with the decisions in 11 Wheaton, 3 Wendell, 21 Ib., and 12 Massachusetts. I deem it safer to follow these decisions, than the late cases in the court of errors of New York. Indeed the tendency of the decisions in that court latterly, seems to be to pare away the law as it stood in the days of Kent and Spencer, by distinctions, and exceptions, and refinements. Innovation is not always improvement.
The law is lenient to mistakes. Dealing as it does with fallible creatures, it makes allowance for errors. Records, deeds, all the most solemn acts of men, may be reformed to correspond with the truth, when mistake has intervened, if others be not thereby prejudiced. To this extent I would go.
By the authority in 11 Wheaton, notice of the dishonor by non-payment is all that need be stated. Whether the demand was made on the proper day, is matter of evidence on the trial. If the notice state more, if it do not mislead the indorser, it may be regarded as surplusage.
My opinion woul^l be in favor of affirming the judgment.